CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 05 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WARREN E. LEMONS, )<br>)<br>Petitioner, )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 7:10-CR-00083<br><br>MEMORANDUM OPINION<br><br>By: Hon. Glen E. Conrad<br>Chief United States District Judge |

The pro se petitioner, Warren Lemons, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Government filed a motion to dismiss the petition, and Lemons did not respond. The Government's motion is now ripe for disposition. For the reasons that follow, the court concludes that the Government's motion must be granted.

I.      **Background**

On December 22, 2010, Lemons pleaded guilty to two counts of an information charging him with a Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and aiding and abetting the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The charges stemmed from a June 2008 armed robbery of a suspected drug-trafficker, during which Lemons acted as the getaway driver. He was sentenced on July 15, 2011 to a term of imprisonment of 90 months. As part of his plea agreement, Lemons waived the right to appeal any issue except those which cannot be waived by law.

Lemons now makes three, somewhat related claims of ineffective assistance of counsel.*
He alleges that (1) counsel did not inform him of the discovery materials that the Government

---

* The petitioner's motion lists only two grounds for relief, but the court believes the petition is best construed as stating three claims.

planned to use against him; (2) counsel coerced him into entering into a plea agreement by informing him it was his only option and by overstating the potential sentence he would receive if he went to trial; and (3) counsel did not fully explain the consequences of the plea agreement, including his waiver of certain rights.

## II. Discussion

On a § 2255 review, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). To prevail on a claim for ineffective assistance of counsel, a petitioner must prove both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To do so, a petitioner must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. If a petitioner has not satisfied one prong of Strickland, the court does not need to inquire whether the other prong is satisfied. Id. at 697. To demonstrate deficient performance, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness," measured by "prevailing professional norms." Id. at 688. Courts are entitled to "indulge a strong presumption" that counsel performed reasonably, and will only adjudge counsel's performance deficient when "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. To show prejudice, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### A.     Claim One

Lemons first challenges his attorney's alleged failure to "apprise[] him of the 'discovery materials' that the Government had planned to use against [him] . . . ." However, Lemons does

not specify any of the materials that were withheld, or how they would have affected his plea. Instead, he has simply made a conclusory statement that his counsel kept important documents from him, and but for that nondisclosure, the outcome of his case would have been different. A petitioner must do more than make bald assertions regarding the effectiveness of his counsel to prevail on a § 2255 motion. See United States v. Roane, 378 F.3d 382, 400 (4th Cir. 2004) ("'Airy generalities, conclusory assertions and hearsay statements [do] not suffice' to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing . . . .") (quoting United States v. Aiello, 814 F.2d 109, 113 (2d Cir. 1987)); see also United States v. Jamison, 2008 WL 2199497, *4 n.6 (W.D. Va. 2008) ("Jamison does not allege what discovery material he was refused or how that material would have affected his plea."). Lemons' failure to offer any detailed allegations about how counsel failed to inform him of the Government's investigation dooms his claim under both the deficiency and the prejudice prongs of Strickland.

Further, at the petitioner's Rule 11 hearing, the court inquired after the quality of counsel's services. The court asked:

> Are you satisfied with the representation that Brad Braford has affored you? Are you satisfied with his understanding of the facts of your case, his ability as an advocate to discover what evidence the government has accumulated against you; his willingness to speak with you and have you tell him side [sic] of the story; . . . his willingness to represent your interests in negotiations with the government and in formulation of this plea agreement?

(Transcript of Plea Hearing at 43-44.) Lemons answered, "yes, sir" to these questions. The court then again asked Lemons if there was anything he wanted to tell the court about his attorney's performance before accepting his plea. To this question, Lemons answered "no, sir."

It is well established that statements made to the court at a Rule 11 hearing "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the

3

absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false."). Here, Lemons indicated his complete satisfaction with his counsel's services at the plea hearing. He was given an opportunity to inform the court of any areas of concern he had with his representation, and he indicated that there was nothing to be said. His statements to the contrary now, especially in light of the lack of detailed factual allegations, cannot be believed. The court will grant the Government's motion to dismiss this count of the complaint.

### B. Claim Two

As to his second claim, Lemons argues that he "entered and accepted the plea agreement in an involuntary, unknowing and unintelligent manner in violation of his Fifth and Sixth Amendment rights." (Docket No. 33 at 6.) He further alleges that his attorney failed to make him "aware of the entire gambit of repercussions, consequences and any waivers that were contained in the plea agreement." Id. Again, Lemons' conclusory statements are not supported by any factual allegations and are refuted by the record.

During the Rule 11 hearing, the court questioned Lemons on the consequences of his guilty plea, specifically mentioning the waiver of certain Constitutional rights, appellate rights, civil rights, and rights associated with collateral attacks on his sentence. Lemons responded that he understood the effect of the plea on his rights, and that he intended to waive them as part of the plea agreement. (Tr. at 27-34.) The court found that Lemons was aware of the consequences of his plea and that he entered the plea knowingly and voluntarily. (Id. at 46.) Additionally, Lemons initialed each page of the plea agreement explaining the waivers and signed the final

4

page, indicating that he had reviewed every part of it with his attorney and was entering into the agreement willfully and knowingly.

As previously addressed, "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity . . . .'" Lemaster, 403 F.3d at 221 (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). Lemons' conclusory allegations fall short of presenting the "clear and convincing evidence" needed to successfully rebuke his contrary statements made at the Rule 11 hearing. Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992). Indeed, Lemons has presented "no evidence that suggests his representations during his plea were untruthful or involuntary, and he is therefore rightly bound by his sworn statements." Id. As such, Lemons has not shown either deficiency or prejudice, and the court will grant the Government's motion dismissing Count Two.

### C. Claim Three

Finally, Lemons alleges that he was coerced into signing the plea agreement in that counsel told him it was his "only option," and that he would otherwise receive a 20-30 year sentence and also be charged in state court. (Docket No. 33 at 5.) Lemons' position is again contradicted by unchallenged portions of the record. During the plea colloquy, the court asked Lemons, "[h]as anyone tried to force you to plead guilty, coerce you, compel you, exert undue influence upon you, twist your arm, cause you to make a guilty plea in this matter against what you perceive to be your own best interests . . . ?" (Tr. at 16.) Lemons answered, "no, sir." (Id.)

Lemons' statements in his § 2255 motion again directly contradict the sworn testimony he gave during the Rule 11 hearing and cannot be believed. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively

5

established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22. Lemons has offered no explanation for his new position that he was forced to enter into the plea agreement against his will. Lemons was repeatedly questioned during his Rule 11 hearing whether he was making a voluntary decision to plead guilty. He assured the court that he was, and the court is now unable to accept his contrary statements. As such, the court finds no ineffective assistance of counsel and dismisses the claim.

## III. Conclusion

The court finds that Lemons' petition fails to state a claim for each of his alleged counts. Accordingly, the court will grant the Government's motion to dismiss Lemons' claims with prejudice, and will deny his Motion for Relief under 28 U.S.C. § 2255. Additionally, because Lemons has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to Lemons and to all counsel of record.

ENTER: This 5th day of March, 2013.

_____
Chief United States District Judge